IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK & DECKER INC. and<br>BLACK & DECKER (U.S.) INC.,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE STANLEY WORKS,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker"), complain of defendant The Stanley Works ("Stanley") as follows:

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the claim made under 28 U.S.C. § 1338(a).

## PARTIES

2. Black & Decker Inc. is a Delaware corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland. Black & Decker Inc. owns and has standing to sue for the infringement of United States Patent No. 5,539,990 entitled "Three-Dimensional Optical Levelling, Plumbing and Angle-Calibrating Instrument" issued on July 30, 1996 ("the '990 patent," Exhibit A); and United States Patent No. 6,914,930 B2 entitled "Laser Level" issued on July 5, 2005 ("the '930 patent," Exhibit B) (collectively, the "patents in suit").

3. Black & Decker (U.S.) Inc. is a Maryland corporation also having its principal place of business at 701 East Joppa Road, Towson, Maryland. Black & Decker (U.S.) Inc. is a

leading designer, manufacturer and marketer of power tools. Black & Decker (U.S.) Inc. is an exclusive licensee of the patents in suit, and has standing to sue for infringement of the patents in suit.

4. Stanley is a Connecticut corporation having its principal place of business at 1000 Stanley Drive, New Britain, Connecticut. Stanley also has other office locations in the United States.

## VENUE AND PERSONAL JURISDICTION

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(c)-(d) and 1400(b). Stanley transacts business in this district, at least by offering to sell or selling the below listed accused products in this district, by advertising on the Internet in such a way as to reach customers in Delaware and has a registered agent for service of process in this district, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

6. Stanley has sold a variety of power tools in this district including laser levels such as the accused 77-153 FATMax® Self-Leveling Cross Line and Intelli-Laser® ProLaser Line Level-Stud Finder through retail stores, like the Home Depot Store at 601 Naamans Road, Claymont, Delaware and The Lowes Store at 3100 Brandywine Parkway, Wilmington, Delaware. Stanley has sold such laser levels throughout the United States, and directly to customers in this judicial district.

## PATENT INFRINGEMENT

7. Stanley has infringed at least one claim of the '990 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of at least the following Stanley products: LASERMARK® Gizmo Lite Laser Cross Level, LASERMARK® Gizmo Lite with Plumb Beam, LASERMARK® Gizmo 4, LASERMARK® II and III Laser Cross Level,

FATMax® Self-Leveling Cross Line Laser Level, CST Berger Laser Cross Level and CST Mini Laser Cross Level with Universal Mount ("the accused Stanley Products").

8.  Stanley, through its actions, has contributed to, or induced the infringement of the '990 patent in violation of 35 U.S.C. § 271.

9.  Stanley has infringed at least one claim of the '930 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of at least the Stanley Intelli-Laser® Pro Laser Line Level-Stud Finder ("the accused Stanley Products").

10. Stanley, through its actions, has contributed to, or induced the infringement of the '930 patent in violation of 35 U.S.C. § 271.

11. Stanley's infringement, contributory infringement and/or inducement to infringe the '990 and '930 patents has injured Black & Decker and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

12. Stanley has been aware of the patents in suit and has, nonetheless, infringed the asserted claims of the patents with knowledge of the patents' scope and application to the accused Stanley products. As a consequence, Stanley's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further importation, manufacture, use, offer for sale and/or sale of power tools within the scope of the patents in suit, and enjoining Stanley from contributing to and/or inducing infringement of the patents in suit.

WHEREFORE, plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc., ask this Court to enter judgment against The Stanley Works, and against its subsidiaries, successors,

parents, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

    A.    An award of damages adequate to compensate Black & Decker for the infringement that has occurred, together with prejudgment interest from the date infringement of the patents in suit began;

    B.    Increased damages as permitted under 35 U.S.C. § 284;

    C.    A finding that this case is exceptional and an award to Black & Decker of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

    D.    A permanent injunction prohibiting further infringement of the patents in suit; and,

    E.    Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Black & Decker demands a trial by jury on all issues presented in this Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiffs*

OF COUNSEL:

Raymond P. Niro
Dean D. Niro
Sally Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602-4515
(312) 236-0733

August 30, 2005
480896