UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK & DECKER INC. and<br>BLACK & DECKER (U.S.) INC.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>THE STANLEY WORKS,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 1:05-cv-636<br>)　Judge Gregory M. Sleet<br>)<br>)　**JURY TRIAL DEMANDED**<br>)<br>) |

## THE STANLEY WORKS' ANSWER AND COUNTERCLAIMS

Defendant The Stanley Works ("Stanley") answers the numbered paragraphs of Plaintiffs Black & Decker Inc. and Black & Decker (U.S.) Inc.'s (collectively "Black & Decker") complaint as follows:

1.　Stanley admits that the complaint purports to be a claim for patent infringement arising under the patent laws of the United States. The remainder of Paragraph 1 is an allegation of subject matter jurisdiction for which no response is required. Stanley denies the remaining allegations in Paragraph 1.

### Parties

2.　Stanley is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.　Stanley is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.　Admitted.

### Venue and Personal Jurisdiction

5. Paragraph 5 of the complaint is an allegation of venue for which no response is required. Stanley admits that it transacts business in this district and that it has a registered agent for service in this district. Stanley denies the remaining allegations in Paragraph 5.

6. Stanley admits that it has sold at least some of the accused devices in Delaware and the United States. Stanley is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis, denies them.

### Patent Infringement

7. Stanley denies the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Stanley denies the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. Stanley denies the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Stanley denies the allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

11. Stanley denies the allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12. Stanley denies the allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

WHEREFORE, Stanley denies that Black & Decker is entitled to any of the relief requested in its Prayer for Relief.

### ADDITIONAL DEFENSES

Stanley alleges and asserts the following defenses in response to the allegations of the Complaint:

### First Defense

1. Stanley has not infringed any valid claim of U.S. Patent No. 5,539,990 ("the '990 patent") or U.S. Patent No. 6,914,930 ("the '930 patent"), either literally or under the doctrine of equivalents.

### Second Defense

2.  Claims of the '990 patent and the '930 patent are invalid under 35 U.S.C. § 1 *et seq.*

### Third Defense

3.  Black & Decker's claims for equitable relief may be barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

### Fourth Defense

4.  Black & Decker's claims for relief may be barred in whole or in part by the statute of limitations.

### Fifth Defense

5.  The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Stanley submits that Black & Decker's claims should be dismissed with prejudice and judgment entered for Defendant Stanley, and that Defendant Stanley be awarded its costs and attorneys' fees and such other relief as is just and proper.

## COUNTERCLAIMS

The Stanley Works ("Stanley"), for its counterclaims against Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker"), avers and states the following:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).

2. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

3. Stanley brings this action pursuant to 35 U.S.C. § 1 *et seq.*, and seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. On August 30, 2005, Black & Decker filed this lawsuit, naming Stanley as the Defendant.

5. Black & Decker's filing of this suit proves that there is a substantial, actual, and continuing controversy between Stanley and Black & Decker with respect to U.S. Patent No. 5,539,990 ("the '990 patent") and U.S. Patent No. 6,914,930 ("the '930 patent").

## THE PARTIES

6. Stanley is a corporation organized and existing under the laws of the state of Connecticut, with its corporate headquarters at 1000 Stanley Drive, New Britain, Connecticut.

7. On information and belief, Black & Decker Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 701 East Joppa Road, Towson, Maryland.

8. On information and belief, Black & Decker (U.S.) Inc. is a corporation organized and existing under the laws of Maryland, with its principal place of business at 701 East Joppa Road, Towson, Maryland.

400093359v1
123859.00601/40158293v.1

9. On information and belief, Black & Decker (U.S.) Inc. purports to be an exclusive licensee of the '990 patent and the '930 patent.

## COUNTERCLAIM ONE: INVALIDITY OF THE '990 PATENT

10. Stanley incorporates by reference Paragraphs 1 through 9, above, as though fully set forth herein.

11. At least one claim of the '990 patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 1 *et seq.*

## COUNTERCLAIM TWO: NON-INFRINGEMENT OF THE '990 PATENT

12. Stanley incorporates by reference Paragraphs 1 through 11, above, as though fully set forth herein.

13. Stanley does not infringe any valid claim of the '990 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM THREE: INVALIDITY OF THE '930 PATENT

14. Stanley incorporates by reference Paragraphs 1 through 13, above, as though fully set forth herein.

15. At least one claim of the '930 patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 1 *et seq.*

## COUNTERCLAIM FOUR: NON-INFRINGEMENT OF THE '930 PATENT

16. Stanley incorporates by reference Paragraphs 1 through 15, above, as though fully set forth herein.

17. Stanley does not infringe any valid claim of the '930 patent, either literally or under the doctrine of equivalents.

400093359v1
123859.00601/40158293v.1

**WHEREFORE,** Counterclaim Plaintiff Stanley prays for a judgment against Counterclaim Defendant Black & Decker as follows:

(a) For a declaration that at least one of the claims of the '990 patent is invalid and/or void;

(b) For a declaration that Stanley has not directly or indirectly infringed the '990 patent, either literally or under the doctrine of equivalents;

(c) For a declaration that Stanley does not directly or indirectly infringe the '990 patent, either literally or under the doctrine of equivalents;

(d) For a declaration that at least one of the claims of the '930 patent is invalid and/or void;

(e) For a declaration that Stanley has not directly or indirectly infringed the '930 patent, either literally or under the doctrine of equivalents;

(f) For a declaration that Stanley does not directly or indirectly infringe the '930 patent, either literally or under the doctrine of equivalents;

(d) For a ruling that Black & Decker shall be required to pay Stanley's damages incurred as a result of this action, including reasonable attorneys' fees and costs consistent with 35 U.S.C. § 285, because Black & Decker's actions make this an exceptional case; and

400093359v1
123859.00601/40158293v.1

(e)   For such other relief as this Court deems just.

## JURY DEMAND

Stanley demands a trial by jury on all issues presented in this Answer and Counterclaims.

Respectfully submitted,

December 1, 2005

**BLANK ROME LLP**

*/s/ Neal C. Belgam*
Neal C. Belgam (#2721)
Dale R. Dube (#2863)
1201 North Market Street,
Suite 800
Wilmington, DE 19801
302-425-6400
belgam@blankrome.com
dube@blankrome.com

OF COUNSEL:

William P. Atkins
Ross R. Barton
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard
Mclean, Virginia 22102
703-770-7900
william.atkins@pillsburylaw.com
ross.barton@pillsburylaw.com

*Attorneys for Defendant,
The Stanley Works*