IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK & DECKER INC. and <br> BLACK & DECKER (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE STANLEY WORKS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-636-GMS <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

**BLACK & DECKER'S ANSWER TO THE STANLEY WORKS' COUNTERCLAIMS**

Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker"), answers the counterclaims of defendant The Stanley Works ("Stanley") as follows:

**ANSWER TO COUNTERCLAIMS**

**Jurisdiction and Venue**

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).

**Answer:**

Admitted.

2.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c).

**Answer:**

Admitted.

3.  Stanley brings this action pursuant to 35 U.S.C. § 1 *et seq.*, and seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**Answer:**

Black & Decker admits that Stanley brings this action pursuant to 35 U.S.C. § 1 *et seq.*, and seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; otherwise, denied.

4.  On August 30, 2005, Black & Decker filed this lawsuit, naming Stanley as the Defendant.

**Answer:**

Admitted.

5.  Black & Decker's filing of this suit proves that there is a substantial, actual, and continuing controversy between Stanley and Black & Decker with respect to U.S. Patent No. 5,539,990 ("the '990 patent") and U.S. Patent No. 6,914,930 ("the '930 patent").

**Answer:**

Admitted.

## The Parties

6.  Stanley is a corporation organized and existing under the laws of the state of Connecticut, with its corporate headquarters at 1000 Stanley Drive, New Britain, Connecticut.

**Answer:**

Admitted.

7.  On information and belief, Black & Decker Inc. is a corporation organized and existing under the laws of Maryland, with its principal place of business at 701 East Joppa Road, Towson, Maryland.

**Answer:**

Admitted.

8. On information and belief, Black & Decker (U.S.) Inc. is a corporation organized and existing under the laws of Maryland, with its principal place of business at 701 East Joppa Road, Towson, Maryland.

**Answer:**

Admitted.

9. On information and belief, Black & Decker (U.S.) Inc. purports to be an exclusive licensee of the '990 patent and the '930 patent.

**Answer:**

Admitted.

### COUNTERCLAIM ONE:  INVALIDITY OF THE '990 PATENT

10. Stanley incorporates by reference Paragraphs 1 through 9, above, as though fully set forth herein.

**Answer:**

Black & Decker incorporates by reference its answers to Paragraphs 1 through 9.

11. At least one claim of the '990 patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §1 *et seq.*

**Answer:**

Denied.

### COUNTERCLAIM TWO:  NON-INFRINGEMENT OF THE '990 PATENT

12. Stanley incorporates by reference Paragraphs 1 through 11, above, as though fully set forth herein.

**Answer:**

Black & Decker incorporates by reference its answers to Paragraphs 1 through 11.

13. Stanley does not infringe any valid claim of the '990 patent, either literally or under the doctrine of equivalents.

**Answer:**

Denied.

### COUNTERCLAIM THREE: INVALIDITY OF THE '930 PATENT

14. Stanley incorporates by reference Paragraphs 1 through 13, above, as though fully set forth herein.

**Answer:**

Black & Decker incorporates by reference its answers to Paragraphs 1 through 13.

15. At least one claim of the '930 patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 1 *et seq.*

**Answer:**

Denied.

### COUNTERCLAIM FOUR: NON-INFRINGEMENT OF THE '930 PATENT

16. Stanley incorporates by reference Paragraphs 1 through 15, above, as though fully set forth herein.

**Answer:**

Black & Decker incorporates by reference its answers to Paragraphs 1 through 15.

17. Stanley does not infringe any valid claim of the '930 patent, either literally or under the doctrine of equivalents.

**Answer:**

Denied.

          MORRIS, NICHOLS, ARSHT & TUNNELL

          */s/ Thomas C. Grimm*
          _____
          Thomas C. Grimm (#1098)
          James W. Parrett, Jr. (#4292)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          (302) 658-9200
            *Attorneys for Plaintiffs*

OF COUNSEL:

Raymond P. Niro
Dean D. Niro
Sally Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL  60602-4515
(312) 236-0733

December 21, 2005
498776

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: Neal C. Belgam, Dale R. Dube, Ross R. Barton, and William P. Atkins.

I also certify that copies were caused to be served on December 21, 2005, upon the following in the manner indicated:

### **BY HAND**

Neal C. Belgam
Dale R. Dube
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, DE  19801


*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tcgefiling@mnat.com

498776